May Term,
1858.

THE PERU AND INDIANAPOLIS RAILROAD COMPANY *v.* HAS-
KET.

THE PERU,
&c., RAILR'D
COMPANY.
*v.*
HASKET.

| 10 | 409 |
|-----|-----|
| 150 | 400 |

A railroad company is not liable under the statute of 1853, for an injury to
stock resulting from fright at their cars, where the animal was not touched
by any car, locomotive, or other carriage belonging to the company.

APPEAL from the *Tipton* Court of Common Pleas.

*Friday,*
*June* 18.

DAVISON, J.—*Hasket* sued the railroad company before a
justice of the peace. In the complaint, it is alleged that
the plaintiff's mare, of the value of 125 dollars, was so in-
jured on the defendant's railroad, by the locomotive and
cars used thereon, that she thereby became worthless and
of no value to the plaintiff; the said railroad not being se-
curely fenced, &c. The demand is laid at 100 dollars.

Before the justice there was judgment for the plaintiff.
The defendant appealed. In the Common Pleas, the case
was submitted to the Court for trial. The facts are, sub-
stantially, as follows:

On the 24th of *May*, 1855, the defendant's passenger
train was running the road as usual. About 100 rods dis-
tant from a culvert in the road, a mare belonging to the
plaintiff was discovered near the track, 75 yards in advance
of the train. The engineer gave the usual signal by the
steam whistle, and then whistled down brakes, reversed the
engine, and the brakes were applied. The mare, at the
sound of the whistle, ran on the track before the train, un-
til she came to the culvert, and then jumped so as to clear
the culvert, and fell on the west side of the track. *She
was not touched by the locomotive or any part of the train.*
It was proved that the mare's left fore leg was broken, and
that she was otherwise badly injured. There is no evi-
dence tending to prove the company or her employés
guilty of willful misconduct or negligence in running the
train. The road was not fenced.

The Court found for the plaintiff; and, having refused a
new trial, gave judgment on the finding.

We have a statute which enacts—1. That whenever any

May Term,
1858.

THE PERU,
&C., RAILR'D
COMPANY.
v.
HASKET.

animal shall be killed or injured by the *cars or locomotive*, *or other carriages*, used on any railroad in this state, the owner thereof may sue the railroad company before a justice of the peace. 2. On the hearing of the cause, the justice or jury trying the same shall give judgment for the plaintiff for the value of the animal destroyed or injury inflicted, without regard to the question whether such injury or destruction was the result of willful misconduct or negligence, or the result of unavoidable accident. 3. This act shall not apply to any railroad securely fenced, and such fence properly maintained by the company. Acts of 1853, p. 113.

The present suit was instituted under this statute, and the question to settle is, do the facts stated bring the case within its provisions? The appellant contends that the statute contemplates a direct injury; that, in this instance, the mare was not stricken, or even touched by the locomotive or any part of the train, and hence, the appellee, in the absence of misconduct or negligence on the part of the company's employés, is, for the injury sustained, without remedy. We are inclined to favor this construction. The language of the enactment is, "shall be killed or injured by the cars, or locomotive, or other carriages," &c. These words, in their ordinary import, evidently involve the idea of actual collision; and it would not, in our opinion, be consistent with the intent of the act, to give them such an exposition as would cover a case of consequential damages. No doubt the train caused the animal to take fright, and the injury was the result of such fright. But suppose the mare, at the sound of the whistle, instead of running upon the road, had run from the road, and while thus running had received an injury,—would the company be liable? It seems to us they would not. The principle of the case hypothetically stated would be alike applicable to the case at bar.

As the record before us shows plainly that the mare was not injured by the defendants' cars, or locomotive, or other carriages, we are of opinion that the case made by the evi-

.dence is not embraced by the statute, and that a new trial should have been granted.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. Green*, for the appellants.

*W. Garver*, for the appellee.