# THE SUPREME COURT

| 44 291 |
| 36a 165 |

OF

## THE STATE OF MISSOURI,

AUGUST TERM, 1869, AT ST. JOSEPH.

———

JAMES LAFFERTY and JOSHUA LAFFERTY, Defendants in Error, *v.* HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Plaintiff in Error.

1. *Railroad — Damages — Construction of statute — Actual collision required under.* — Section 43, chapter 63, Gen. Stat. 1865, contemplated a direct or actual collision between the train and the animal injured. In such case the company should be responsible for the penalty given by the statute; otherwise not. The act was intended not only for the benefit and protection of owners of stock, but also as a public regulation for the safety of passengers and the traveling public, who are exposed to danger and peril in case of collision.

### *Error to Fifth District Court.*

*Carr, Hall & Oliver*, for plaintiff in error, cited 1 Hill. on Torts, 372, § 36, note *a;* Redf. on Railw. 493 ; Pennsylvania Railway v. Haskett, 10 Ind. 409; Gen. Stat. 1865, p. 601, § 5.

*Dixon & Murphy*, for defendants in error, cited Morgan v. Cox, 22 Mo. 373 ; 16 Mo. 508 ; 11 Mass. 137 ; 18 Johns. 256,

288; 19 Johns. 381; 26 Mo. 441; 42 Mo. 193; 31 Miss. 156; 2 Comst. 165; 3 Hill. 612; 35 Mo. 457; 39 Maine, 273; 24 Verm. 488; 15 East. 388; 4 Den. 464; 8 Barb. 427.

WAGNER, Judge, delivered the opinion of the court.

This was an action for damages, and asking for the statutory penalty. The petition, in substance, states that plaintiffs' horses got on the track of defendant's railroad where it was not fenced, and where there was no road crossing, and, while so on the track, they were frightened by the cars and engine of the defendant; and, getting off the track of said railroad, they were injured.

The Circuit Court sustained a demurrer to this petition, and, on appeal to the District Court, the decision of the Circuit Court was reversed.

The only question requiring consideration is the true meaning and proper construction to be placed upon the forty-third section of chapter 63, Gen. Stat. 1865. That section declares that every railroad corporation formed or to be formed in this State, and every corporation formed or to be·formed under that chapter, shall erect and maintain good and substantial fences, on the sides of the road where the same passes through, along, or adjoining inclosed or cultivated fields or uninclosed prairie lands, of the height of at least five feet, with openings or bars and gates therein, and farm crossings of the road, for the use of the proprietors or owners of the land adjoining such railroads; and also to construct and maintain cattle guards at all railroad crossings where fences are required as aforesaid, suitable and sufficient to prevent horses, cattle, mules, and all other animals, from getting on the railroad. The section further provides that until such fences, openings, gates or bars, farm crossings or cattle guards shall be duly made and maintained, such corporation shall be liable in double the amount of all damages which shall be done by its agents, engines, or cars, to horses, cattle, mules, or other animals on said road.

There was no collision on the road, and the animals were not injured by any actual contact; but, being on the track of the

road, they were frightened by the train, and, in running, hurt themselves while jumping off the track.

There is an admission in the record that, where the accident occurred, the road was not fenced or inclosed as required by statute. In such case negligence is an inference of law, and the defendant will be held liable absolutely, without regard to that question, if the injury happened or the damage resulted in a manner contemplated by the above section.

In Indiana they have a statute on the same subject, differing somewhat in phraseology from ours, but in substance and effect identically the same. Under that statute the plaintiff brought suit for injury done to a mare. The facts were that, at the sound of the whistle on the approaching train, the mare ran on the track before the train until she came to a culvert, and then jumped so as to clear the culvert, and fell on one side of the track. In falling, the mare's left leg was broken, and she was otherwise injured. She was not touched by the locomotive or any part of the train. Upon these facts the court decided that the statute contemplated a direct injury; that the words "shall be killed or injured by the cars or locomotive, or other carriages," etc., imported the idea of actual collision, and that it would not be consistent with the intent of the act to give them such an exposition as would cover a case of consequential damages. ( The P. & C. R.R. v. Haskett, 10 Ind. 409.)

Redfield, in the last edition of his work on railways, quotes the foregoing case as authority, and lays down the rule that the liability of a railroad, where the company has failed to fence as required by statute, does not extend to animals injured by fright. (1 Redf. on Railw. 493.) Hilliard says if a horse takes fright at the noise of a train, not caused by any unusual or unreasonable operation, the company is not liable; and to sustain this position he cites Burton v. Philadelphia, etc., 4 Harr. 252; Bordentown, etc., v. Camden, etc., 2 Harr. 314. These cases to which reference is made are not accessible at this place, and we have had no opportunity of examining them. The same author also refers to the case in 10 Ind. as settling the law that a statute making railroad companies liable for injuries to domestic

animals, whether negligent or not, does not apply to an injury from fright, where the animal is not touched. (2 Hill. Torts, 372, § 46.)

The counsel for the plaintiffs relies strongly on the case of Moshier v. Utica & Schen. R.R. Co. (8 Barb. 427); but that case seems to have been directly overruled in Coy v. the same defendant (23 Barb. 643), and neither of the cases has any particular bearing on the question we are now considering.

The statute was passed not exclusively for the benefit and protection of owners of stock who were liable to suffer loss and damage, but also as a public regulation for the safety of passengers and the traveling public, who are exposed to danger and peril in case of collision.

This court recently quoted with approbation the remark of the New York Court of Appeals in Ernst v. Hudson River R.R. Co. (35 N. Y. 9), on a kindred question, that the failure of a railroad company to comply with its statutory duty to give the signals at the crossing of a highway was a breach of duty to the passengers, whose safety it imperiled, as well as to the wayfarer, whom it exposed to mutilation and death. (Rohback v. Pacific R.R., 43 Mo. 187.)

In construing the statute we must examine the whole object which led to its enactment. The words are that the company shall be " liable in double the amount of all damages which shall be done by its agents, engines, or cars, to horses, cattle, mules, or other animals on said road." It seems to me plain that a direct or actual collision was contemplated; that where the agents of the road ran the locomotives or cars against any animal, and thereby injured it, or in any other manner it was hurt by actual contact or touch, then the company should be responsible for the penalty; otherwise not.

I am therefore of the opinion that the judgment of the District Court should be reversed. The other judges concur.