## THE OHIO AND MISSISSIPPI RAILWAY COMPANY v. COLE.

RAILROAD.—*Injury to Animals.*—To render a railroad company liable, under the statute, for animals killed or injured by its cars, locomotives, or other carriages, there must be actual collision of the cars, locomotives, or other carriages with such animals.

SAME.—A railroad company is not liable, under the statute, for an injury to an animal, where a train caused the animal to take fright, and the injury was the result of the fright. Thus, the company is not liable, where a colt, frightened by a train, ran from an adjoining field upon the railroad track, which was not properly fenced, and there broke its leg between the bars of a cow-pit.

APPEAL from the Clark Circuit Court.

OSBORN, J.—This action was instituted before a justice of the peace to recover the value of a colt, which, it was alleged in the complaint, was wounded, run against, and killed by the locomotive and cars of the appellant, upon its track, at a place where the road was not properly fenced. After a

trial before the justice of the peace, the cause was taken by appeal to the circuit court. There was a trial by the court, finding for the appellee for the amount claimed, motion for a new trial overruled, exception, and judgment on the finding.

The evidence is all set out in a bill of exceptions, and we think it does not sustain the finding of the court.

No witness testified that the colt was killed or injured by the cars or locomotive of the appellant. Nor does the evidence tend to establish it. On the contrary, we think it is shown by the evidence that the colt ran upon the track and broke its legs in a cow-pit, and that the section hands of appellant then killed it. Carr testified that Adams, the section boss, told him that the colt got its legs broken by the cars; but on cross examination, he was not certain that Adams said the cars hurt the colt, but he told him that the cars hurt it, or that it got hurt on the railroad. Blades, another witness for the appellee, testified that it had tried to jump a cow-pit on the appellant's railroad, and he heard Adams say that it had its leg broken on the railroad. The plaintiff testified that the section boss told him that the colt had come up from the gap, and its leg was broken. All of his witnesses testified that the section boss said that he had the colt killed. Heutzameer, one of the appellant's witnesses, testified that the colt was in a field south of the cow-pit; that it became frightened by the cars and ran upon the track, and attempted to jump the cow-pit, and broke its leg between the bars across the pit.

In the case of *The Peru and Indianapolis Railroad Co.* v. *Hasket*, 10 Ind. 409, this court held, and we now hold, that to render a railroad company liable for animals killed or injured by the cars or locomotive, or other carriages of the company, under the statute, it must be proven that there was an actual collision between the locomotive, cars, or other carriages of the company, with the animal injured. It is not enough to prove that the train caused the animal to take fright, and the injury was the result of the fright.

The evidence in the record before us does not show that the colt was touched by the locomotive, cars, or other carriages of the appellant. The finding of the court was not sustained by the evidence, and a new trial ought to have been granted.

The judgment of the said Clark Circuit Court is reversed, with costs, with instructions to said court to grant a new trial, and for further proceedings, etc.

*G. V. Howk*, *W. W. Tuley*, and *C. P. Ferguson*, for appellant.