THE BALTIMORE, PITTSBURGH AND CHICAGO R. W. CO. *v.* THOMAS.

| 60 | 107 |
|----|-----|
| 150 | 400 |

RAILROAD.—*Killing Stock.*—*Death or Injury from Fright.*—A railroad company is not liable, under the statute, 1 R. S. 1876, p. 751, for the injury or death of animals, resulting from fright at the locomotives, cars or carriages of the company.

From the DeKalb Circuit Court.

*S. I. Anthony*, for appellant.

*W. L. Penfield* and *D. D. Moody*, for appellee.

BIDDLE, C. J.—Complaint in three paragraphs, by the appellee, against the appellant, for killing a horse, and a mare, and a pony, by running its train of cars against and over them.

The first and second paragraphs are founded upon the statutory right to recover against railroad companies for killing stock where their railroads are not securely fenced.

The third paragraph is based upon the common-law right for killing the stock carelessly and negligently, without the fault of the appellee.

Answer; issue; trial, and finding by the court.

Exceptions and appeal.

The appellant properly presents and discusses two questions before this court: That the finding is not sustained by the evidence; that the damages are excessive.

It is very clear to us, that the finding is correct, that is, that it should have been for the appellee; and quite as clear that the damages are excessive. The pony was not injured, except that it was badly frightened. The horse was destroyed by the appellee's train of cars, and the appellee is liable therefor under the statute; but there is no evidence showing that the mare was "killed or injured by the locomotives, cars, or other carriages of" the appellant. No witness testifies that the locomotive, car or other carriage of the appellant struck, touched, or in any manner injured the mare; but three witnesses, having the means of knowing the facts, namely, the conductor, engineer and fireman of the train, testify that the mare was not touched by any part of the train; indeed that the train did not come within many feet of her; and this testimony stands uncontradicted. The evidence shows, however, that the mare became frightened at the train and sound of the whistle, and ran ahead into a bridge, and thus became entangled amongst the ties, whereby she was in-

jured and destroyed. But this state of facts will not make the appellee liable. It is not claimed that the evidence makes the appellee liable at common law; but the statute enlarges the liability for killing stock by railroads, and correspondingly enlarges the right of the owner of the stock killed to recover. But the owner of the stock, when he founds his claim upon the statute, must bring his case substantially within its terms, by alleging and proving that the stock was " killed or injured by the locomotives, cars, or other carriages of such company, to the extent and according to the provisions of this act." 1 R. S. 1876, p. 751, sec. 1. Railroad companies are not liable for frightening animals by their locomotives, cars or carriages, even though the fright causes the animals to kill themselves. This question has been carefully considered and fully settled by this court. *The Peru and Indianapolis R. R. Co.* v. *Hasket*, 10 Ind. 409 ; *The Ohio and Mississippi R. W. Co.* v. *Cole*, 41 Ind. 331; *The Indianapolis, Bloomington and Western R. W. Co.* v. *McBrown*, 46 Ind. 229.

The evidence shows that the horse and mare were each of the value of one hundred and seventy-five dollars. There was no other evidence as to the value of the animals. The finding is for three hundred and fifty dollars. The appellant not being liable for killing the mare, it follows that the finding is for one hundred and seventy-five dollars too much.

For this error, the judgment is reversed, and the cause remanded, with instructions to sustain the motion for a new trial, and proceed according to this opinion ; or the appellee may remit one hundred and seventy-five dollars within sixty days, and have the judgment affirmed, at his costs.

And the appellee having, on the 5th day of May, 1878, filed with the clerk of this court a remittitur, remitting the sum of one hundred and seventy-five dollars on the judgment awarded him in the DeKalb Circuit

Court, the balance of said judgment is affirmed, with costs; appellee to pay the costs in this court.