JOSEPH SCHERTZ

*v.*

INDIANAPOLIS, BLOOMINGTON AND WESTERN ·RAILWAY COMPANY.

*Filed at Springfield November 19, 1883.*

1. RAILROAD—*liability for injury to animals caused by fright.* Under the act in relation to fencing and operating railroads, in force July 1, 1874, as amended by the act of 1879, where a party's horse gets on the railroad track for want of such a fence as the law requires the company to erect and maintain to inclose its track and right of way, and while on the track is frightened either by the approaching train, or the sound of the bell or whistle, or all of them combined, and in its flight is injured, either by jumping a cattle guard, or by coming in contact with a wire fence, or both, and no negligence or willful misconduct is chargeable to the agents of the company in charge of the train at the time, and where no injury is done to the horse by any actual collision or contact with the engine or cars of the train, the railroad company will not be liable to the owner of the horse for such injury.

2. SAME—*statute relative to fencing, construed.* The true meaning of section 1 of "An act in relation to fencing and operating railroads," as amended in 1879, is, that the injury to stock must be caused by actual collision,—that is, it must be done by the "agents, engines or cars" of the company, or the willful misconduct of the train men, to make the company liable.

3. Consequential damages resulting from fright to animals, not caused by actual collision, or any negligence or willful misconduct on the part of the servants of the company, are not embraced in the statute.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. W. E. GAPEN, for the appellant:

One great object of the statute was to protect persons and property from the dangers of stock getting on the tracks of railroads, and the construction of it should be such as most effectually to carry out that object. The ground of recovery under this statute is the failure to build the fences required. No other fault in such case need be shown. *Cairo and St. Louis R. R. Co.* v. *Murray,* 82 Ill. 76.

While appellee continued to run its cars on the track through appellant's field without fencing its track, it undertook, at its peril, that no harm should come to appellant's horse for want of a proper fence. *McCoy* v. *California P. R. R. Co.* 40 Cal. 532.

Messrs. ROWELL & HAMILTON, for the appellee:

Under the statute, which is penal, and must be strictly and literally construed, the railroad company is only liable, in any event, for the damage which may be done by the "agents, engines or cars" of the railroad. If, then, it is clearly shown that the horse was not injured or struck by the "agents, engines or cars," but was injured by being frightened by one passing train, and ran against some one else's fence, the company could not be liable, unless its servants willfully and maliciously frightened the animal.

This case is almost identical, in facts and circumstances, with *P. and I. R. R. Co.* v. *Haskett*, 10 Ind. 409, and the court there held the law to be just as the Appellate Court held it in this case. This decision was also strongly and expressly reaffirmed in *Ohio and Mississippi Ry. Co.* v. *Cole*, 41 Ind. 331; *Indianapolis, Bloomington and Western Ry. Co.* v. *McBrown*, 46 id. 229; *B., P. and C. Ry. Co.* v. *Thomas*, 60 id. 107; *J., M. and I. R. R. Co.* v. *Downey*, 61 id. 287. The case of *Lafferty* v. *Hannibal and St. Joseph R. R. Co.* 44 Mo. 291, is also exactly in point, and approves the Indiana cases. The same construction has also been given our statute by a court of high authority in this State, besides in this case. *Chicago and Northwestern R. R. Co.* v. *Taylor*, 8 Bradw. 108. See, also, Redfield on Railways, 493.

Per CURIAM: This action was brought by Joseph Schertz, before a justice of the peace, against the Indianapolis, Bloomington and Western Railway Company, under section 1 of "An act in relation to fencing and operating railroads," in force

July 1, 1874, as amended by the act in force July 1, 1879, to recover for injuries done to his horse by defendant operating its road. On the trial before the justice of the peace plaintiff recovered a judgment, and on the appeal of defendant to the circuit court, where a trial *de novo* was had, plaintiff recovered a judgment in a like amount, with an attorney's fee. That judgment, on the appeal of defendant, was reversed in the Appellate Court for the Third District, and final judgment rendered against plaintiff for costs. A majority of the judges of the Appellate Court having certified that the case, in their opinion, involves a question of law of such importance, on account of collateral interests, it should be passed upon by the Supreme Court, plaintiff brings the case to this court on appeal.

But a single question arises on the record, as the case now comes before this court, and that has relation to the true construction of section 1 of the act cited *supra*. That statute provides, when the fences it requires shall be erected are not made as therein required, or when such fences are not kept in good repair, such railroad corporation shall be liable for all damages which may be done by the "agents, engines or cars" of such corporations, to cattle, horses, or other stock. On the hypothesis plaintiff's horse got on the track of defendant's road for want of such a fence as the law requires it to erect and maintain to inclose its track and right of way, and while on the track the horse was frightened either by the approaching train, or the sound of the bell or whistle, or all of them combined, and in its flight was injured, either by jumping a cattle guard, or by coming in contact with a wire fence, or both, that no negligence or willful misconduct can be imputed to the agents of defendant in charge of the train at the time, and that no injury was done to the horse by any actual collision or contact with the engine or cars of the train, a majority of the court are of opinion the defendant is not liable. It is thought the true meaning of the section

of the statute cited is, the injury must be caused by actual collision,—that is, it must have been done by the "agents, engines or cars" of defendant. Here no direct injury was done either by the "agents, engines or cars" of defendant, nor by any willful misconduct of the train men.

In *P. and I. R. R. Co.* v. *Haskett,* 10 Ind. 409, in construing a statute on the same subject, which made the corporation liable for stock that should be "killed or injured by the cars or locomotives or other carriages of the company," the court held that these words, in their ordinary import, evidently involved the idea of actual collision, and hence would not cover a case of consequential damages. In *Lafferty* v. *Hannibal and St. Joseph R. R. Co.* 44 Mo. 291, it was admitted that at the place where the injury was done to plaintiff's horse defendant's railroad was not fenced as required by statute. The words of the statute cited in that case are identical with the words contained in the statute of this State on the same subject,—that is, in case of a failure to comply with the provisions of the statute, the railroad corporation should be liable for all damages that might be done by its "agents, engines or cars." In that case, as in the one being considered, there was no collision, and the horse was not injured by any actual contact, and it was held the defendant corporation was not liable. It is thought the statute of this State admits of the same construction, and in a case where the stock is not killed or injured by any actual collision there is no liability on the railroad corporation. Consequential damages resulting from fright to animals, not caused by any negligence or willful misconduct on the part of the servants of the corporation, are not embraced in the statute.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*