The Louisville, Evansville and St. Louis Railway Company v. Thomas.

No. 11,796.

THE LOUISVILLE, EVANSVILLE AND ST. LOUIS RAILWAY
COMPANY v. THOMAS.

RAILROAD.—*Animals.*—*Fences.*—Where an action against a railroad company to recover for stock killed is commenced in the circuit court, it must be averred in the complaint, and proved upon the trial, that at the point where the animals entered upon the track, the railroad was not securely fenced.

SAME.—*Cattle-Guards.*—*Wing-Fences.*—Although there are sufficient fences running parallel with the track, at the point where animals entered upon it, yet, if there are no wing-fences connecting the parallel fences with the cattle-guards, the road, beyond such cattle guards at least, is not securely fenced.

SAME.—*Injury Must be Done by Actual Contact with Locomotive or Cars.*—In an action under the statute, evidence must be introduced from which the court or jury may find that the locomotive or cars came in actual contact with the animals killed or injured.

From the Gibson Circuit Court.

*T. R. Paxton,* for appellant.

*J. E. McCullough* and *J. H. Miller,* for appellee.

Howk, J.—In this case the appellee Thomas sued the appellant railway company, in a complaint of three paragraphs. The object of the suit was to recover the value of a certain mare, owned and possessed by appellee, alleged to have been killed by a locomotive and train of cars owned, used and operated by appellant on the line of its railway, in Gibson county. In the first paragraph, appellee has stated his cause of action under the statute, which makes a railway company, whose tracks are not securely fenced in, liable in damages for all animals killed or injured by its engines or cars, used and operated on the line of its railway, without regard to any questions of wilfulness, negligence or unavoidable accident.

In the third paragraph, appellee alleged that he was the owner of a bay mare of the value of $130; that in the evening of June 18th, 1883, appellee's mare was turned into his pasture field, which field was securely fenced in and inclosed;

The Louisville, Evansville and St. Louis Railway Company v. Thomas.

that in the night of that day, without the knowledge or negligence of appellee, his mare escaped from his pasture and strayed upon appellant's railroad track, in Gibson county; that appellant's servants and employees, who were then and there running and operating its locomotive and train of cars on its railroad track, wrongfully, wilfully and negligently ran such locomotive and cars in close pursuit of appellee's mare upon such track for a quarter of a mile, and until such locomotive ran against and upon such mare, and thereby so wounded and injured such mare that she then and there died, without any contributory fault or negligence on the part of appellee, to his damage, etc.

The second paragraph of complaint contains a more lengthy and detailed statement of the killing of appellee's mare than the third paragraph, and differs therefrom in some material particulars. Thus, it is alleged in the second paragraph that, at the point where appellee's mare entered upon appellant's railroad track, such track was not securely fenced in, which fact was not stated in the third paragraph. So, again, it was not alleged in the second paragraph that appellant's locomotive or cars struck or touched appellee's mare; but it is averred that appellant's servants, in charge of such locomotive and cars, wrongfully and wilfully pursued the mare along the track, at a place where the mare could not escape from or leave the track, at such a high rate of speed as to drive and frighten her into its trestle-work, whereby the mare was so injured and wounded, that she then and there died, to appellee's damage, etc.

Appellant answered by a general denial of the complaint. The issues joined were tried by a jury, and a verdict was returned for appellee assessing his damages at $125. Over appellant's motion for a new trial, the court rendered judgment on the verdict.

The only error assigned here by appellant is the overruling of its motion for a new trial. It is claimed by appellant's counsel, that there is no evidence in the record of this cause

which tends to prove the cause of action stated by appellee in either the second or third paragraphs of his complaint. Counsel says: "There is no direct evidence in regard to the manner in which appellee's mare was injured. It occurred in the night time. No witness testified who saw the occurrence or even heard the locomotive and cars by which, it is claimed, the mare was injured. There is no evidence of negligence on the part of appellant, and no evidence whatever from which the wilful killing of appellee's mare, by appellant's servants or employees, can reasonably be inferred. This was conceded below, and the verdict was sustained by the trial court solely upon the case stated in the first paragraph of complaint." To the case as thus stated, appellant's counsel has expressly limited his argument in this court, and, therefore, we shall confine this opinion to the consideration of the same case.

It is earnestly insisted by appellant's counsel, that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law, in two particulars, namely:

*First.* Because the evidence clearly shows that appellant's railroad track was "enclosed on both sides with a proper fence, distant twenty-five or thirty feet from the center of the track," at the point where appellee's mare entered upon such track; and,

*Second.* Because the evidence fails to show that appellee's mare was injured or killed by actual contact or collision with appellant's locomotive or cars, on the line of its railroad.

We will consider the evidence in reference to these two points, in the order in which they are stated, and decide the questions thereby presented.

1. In section 4025, R. S. 1881, in force since July 2d, 1877, it is provided that any railroad corporation running, controlling or operating any railroad into or through this State, shall be liable for stock killed or injured by the locomotives, cars or other carriages run on such road, in the name in which

the road was run or operated at the time, to the extent and according to the provisions of the statute.

In section 4029, R. S. 1881, being section 5 of the same statute, it is further provided as follows: " On the hearing of any such cause, the court or jury trying the same shall give judgment for the plaintiff or plaintiffs for the value of the animal or animals killed or the injury done, without regard to the question whether such killing or injury was the result of wilful misconduct or negligence, or the result of unavoidable accident."

Section 4031, R. S. 1881, being section 7 of the same act, in force since July 2d, 1877, reads as follows: " This act shall not apply to any railroad securely fenced in, and if such fence be properly maintained by such company, lessee, assignee, receiver, or other person running the same."

In construing these statutory provisions and similar provisions of prior statutes, it has been uniformly held by this court, in cases commenced, as this case was, in the circuit court, " that, in order to make a railroad company liable under the statute for stock killed upon the road, the animals must enter upon the road at a point where it is not securely fenced." *Toledo, etc., R. W. Co.* v. *Stevens*, 63 Ind. 337; *Wabash R. W. Co.* v. *Forshee*, 77 Ind. 158; *Louisville, etc., R. W. Co.* v. *Porter*, 97 Ind. 267. A different rule, at least as to the averments of the complaint, is recognized by our decisions in cases commenced before justices of the peace. *Indianapolis, etc., R. R. Co.* v. *Adkins*, 23 Ind. 340; *Ohio, etc., R. W. Co.* v. *Miller*, 46 Ind. 215; *Indianapolis, etc., R. R. Co.* v. *Sims*, 92 Ind. 496. In the cases last cited it was held that a complaint before a justice of the peace, against a railroad company, for the killing or injury of stock, is good on demurrer, without an averment that, at the point where the animals entered upon the railroad, it was not securely fenced. But where, as in the case at bar, the plaintiff brings his action against the railroad company in the circuit court, he must aver in his complaint, and prove upon the trial, that

at the point where his animals entered upon the railroad of the defendant such railroad was not securely fenced.

The evidence in the record of this cause tends to prove the following facts upon the point under consideration : On the evening of June 18th, 1883, appellee's mare was turned into his pasture field, which field was properly fenced in and enclosed, and the fence between such field and appellant's railroad track was a part of the fence, on the north side of such railroad running east and west, by which the track was then and there, as alleged, securely fenced. In the following night, without the knowledge or consent of appellee, his mare escaped from his pasture field over the fence separating such field from the railroad track of appellant, and strayed along, as her tracks indicated, upon such railroad track. At the point where the mare escaped from appellee's pasture over his fence and entered upon appellant's railroad track, as shown on the following morning by the impressions of her feet, such track was properly fenced on both sides thereof, not by the appellant, but by the proprietors of the lands abutting upon its right of way and track, on either side thereof. The footprints of the mare showed that after she escaped from the pasture and entered upon the railroad track, she went eastward along such track about sixty rods to a cattle-guard. There were no wing-fences on either side of the cattle-guard, leading from it to the east and west fences on the north and south sides of appellant's railroad track. If there had been such wing-fences leading out from the cattle-guard, and connecting with the east and west fences on each side of the railroad track, it could have been correctly said that such track, at the point where appellee's mare entered thereon, was, in the language of the statute, "securely fenced in." In that event, the eastward journey of the mare on, along and over appellant's railroad track, would have terminated of necessity at the cattle-guard, and she could have gone no further, except in retracing her previous steps. As it was, in the absence of such wing-fences leading out from the cattle-guard

The Louisville, Evansville and St. Louis Railway Company *v*. Thomas.

and connecting it, on each side, with the east and west fences, it can not be said with legal accuracy that, at the point where appellee's mare entered upon appellant's railroad track, such track was then and there " securely fenced in."

But, if this view of the question under consideration were inaccurate, incorrect or erroneous (which we do not believe), the evidence clearly shows, we think, that the injury and death of appellee's mare were not the direct and immediate sequence or result of her escape from his pasture, and of her entry then and there upon appellant's railroad track. When the mare, in going eastward on and along such railroad track, had arrived at the cattle-guard, and her further progress along such track was thereby prevented, she left such track and went on eastward without any hinderance, obstruction or even temporary delay, by means or by reason of any wing-fence leading out from such cattle-guard and connecting with any other fence enclosing, or attempting to enclose, such railroad track. So that, from such cattle-guard eastward, appellant's railroad track was not fenced in, securely or otherwise, at the point where appellee's mare subsequently returned to and entered upon such railroad track. We are of opinion, therefore, that there was evidence before the jury which tended to prove that, although appellant's railroad track was " enclosed on both sides by a proper fence," yet such track was not " securely fenced in" at the time and place when and where appellee's mare entered thereon, and was injured and killed.

2. It is settled by our decisions that in an action against a railroad company under the statute to recover the value of animals killed, or for injury done, evidence must be introduced from which the court or jury may find that the locomotive or cars came in actual contact or collision with the animals killed or injured. *Ohio, etc., R. W. Co.* v. *Cole,* 41 Ind. 331; *Indianapolis, etc., R. W. Co.* v. *McBrown,* 46 Ind. 229; *Baltimore, etc., R. W. Co.* v. *Thomas,* 60 Ind. 107. In the case in hand, evidence was before the court and jury which tended to prove that appellee's mare was injured and killed

by actual contact or collision with appellant's locomotive or cars, and we can not disturb the verdict on the weight of such evidence.

Appellant's counsel also complains of an instruction given by the court, of its own motion, and of its refusal to give two instructions at appellant's request. The same questions, and none other or different, are presented by this complaint of counsel, as those already passed upon, in considering this case as made by the evidence appearing in the record. We are of opinion, therefore, that no error was committed by the trial court either in the instruction given of its own motion, or in its refusal to give the instructions requested by appellant.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed March 2, 1886.