H. & T. C. R'y Co. v. MARGARET HARRIS.

(No. 2230.)

APPEAL from Grayson County. Opinion by WHITE, P. J.

NAT. GUNTER, C. M. BUCKLER and DE ARMOND, counsel for appellant.

J. P. COX, counsel for appellee.

§ 224. *Railroad; liability of for stock killed; construction of article 4245, Revised Statutes; engine or cars must come in actual contact with animal killed or injured; case stated.* Appellee recovered judgment against appellant for damages for injury done to her horse by appellant's railroad train. There was a conflict of evidence as to whether the horse was injured by said train coming in contact with it, or whether it took fright at the train, ran upon a bridge, fell off the bridge, and thus received injury. Appellant's road was not fenced at the place where the injury occurred, and the evidence fails to show negligence on the part of those in charge of the railroad train. Appellant contends that the injury was caused, not by its engine or cars, but by the fright of the hors

and that as no negligence on the part of those in charge of said engine and cars was shown, the appellee was not entitled to recover. *Held:* Our statute declares that "each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotive and cars of such railroad company in running their respective railways," etc. [R. S. art. 4245.] The true meaning of this statute is that the injury must be caused by actual collision of the locomotive or cars with the stock injured. This is the construction placed upon similar statutes in other states. In Illinois, in Schertz v. R'y Co., an analogous case, and under a statute similar to ours, it was held that a railroad company which is liable by statute for damages for injury to live stock on its track, where it has not erected a fence, caused by the agents, engines or cars of the company, is liable only for injuries from contact; it is not liable for injuries from fright. [16 Reporter, pp. 238, 239, citing R. R. Co. v. Haskett, 10 Ind. 409; Lafferty v. R. R. Co. 44 Mo. 291.] This construction of the statute in nowise militates against the liability of the company for injuries caused through the *negligence* of its agents or employees. [W. & W. Con. Rep. § 859; 2 W. Con. Rep. § 203; R. R. Co. v. Carson, Sup. Court, June 1, 1886.]

NOTE.—Judge WILLSON dissented from this construction of the statute.

§ **225.** *Conflict of evidence; judgment will not be reversed, when.* But even under the rule as stated, appellant is not entitled to a reversal of the judgment, because the evidence is conflicting as to the place and the manner in which the injury to the horse was inflicted. There being evidence sufficient to support the judgment, it is

December 11, 1886.                    Affirmed.