No. 578.

## LEAVITT *v.* THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY.

RAILROAD.—*Frightening Animals.—Liability.*—Railroad companies are not liable for frightening animals by their locomotives, cars or carriages while using them in the ordinary way.

SAME.—*Action for Injury to Property.—Accident at Crossing.—Demurrer to Evidence.*—In an action against a railroad company to recover damages for injury to a horse and vehicle at a crossing within the corporate limits of a town, the evidence for the plaintiff showed that he had passed over the crossing to a point on the north side of the track, where he was out of harm's way, but for the fright occasioned by escaping smoke from the engine; that at the time his horse became frightened he was about five or six feet north of the crossing, and the engine was about one hundred and fifty feet east of the crossing, and the horse commenced to back toward the crossing about the same time the engineer reversed his engine, and caused the same to move along the track slowly to the point where the plaintiff was on the crossing, crushing his buggy and injuring his horse. The plaintiff was in plain view of the engine during all the time it was moving to the point one hundred and fifty feet east of the crossing, and until it returned and his property was damaged. The plaintiff made every effort to attract the engineer's attention. The persons in charge of the engine did not see him until after the accident occurred.

*Held,* that, as the jury might have reasonably decided from the plaintiff's evidence that the damage complained of was caused by the negligent running of defendant's cars, it was error for the court to sustain a demurrer to the evidence.

EVIDENCE.—*Demurrer to.—What it Admits.*—A demurrer to the evidence admits all the facts which the evidence tends to prove, or of which there is any evidence, however slight, and all inferences which can be logically and reasonably drawn from the evidence.

From the Clay Circuit Court.

*S. W. Curtis,* for appellant.

*J. G. Williams* and *G. A. Knight,* for appellee.

NEW, J.—This is an action for damages. The appellant filed his complaint in the court below alleging, in substance,

that in May, 1890, the appellee was, and still is, running, operating and controlling a railroad from Terre Haute to Indianapolis, which road runs through the city of Brazil in Clay county, Indiana; that said road passes through said city east and west, near the center of the city, and along and over certain streets and crossings of the same; that Depot and Meridian streets connect just east of the defendant's depot and cross said railroad tracks of the appellee; that immediately south of the main track said defendants have constructed a switch over and upon said street crossing of said Depot and Meridian streets; that many of the citizens and visitors of said city have to and do daily cross over said main track and switch to and from the south portion of said city; that on said day the appellant while in his buggy drawn by a good and gentle horse, was driving over and across said railroad crossing and said railroad track and switch, at the time using due care and caution; that at the time there was an engine of said appellee west of said crossing and one east of the crossing on the main track moving east at the time he entered upon the crossing, some distance from him; that he was led to suppose said engine would continue its course east and thereupon drove upon said crossing, said engine having nothing but the tender attached to it, and being in the control of one of the employees of the appellee, who so carelessly and negligently ran and operated said engine, at the time paying no attention or regard to persons who had the right at the time to pass over said crossing, but at the time appellant entered upon the crossing said engineer reversed said engine and immediately started west, in the direction of the crossing at a rapid rate of speed, when he could have seen the position appellant was in, had he been looking, as was his duty to do, giving appellant at the time no warning whatever by either ringing the bell or sounding the whistle; that said engine was so run in such careless and negligent manner as to strike appellant's buggy and horse attached thereto, and with such force

as to knock said buggy and horse upon the east end of the plat-
form of said appellee's depot, breaking and tearing said
buggy to pieces and greatly injuring said horse; that had
said engineer, who was then an employee of said appellee, been
exercising reasonable care and caution, he could have stopped
said engine before it struck said buggy and horse; that at the
time, as alleged, there was nothing attached to the engine
except the tender, which struck the buggy and horse; that
at the point where said switch and main track pass over said
street crossing it is known to be, by the appellee, dangerous
to travellers in crossing said track.

Plaintiff says that said injury was caused by the careless-
ness and negligence of said appellee's employees, and with-
out any fault or negligence on his part his buggy was broken
to pieces and rendered worthless, and his horse injured and
damaged in the sum of fifty dollars, all to his damage in the
sum of two hundred dollars, for which he demands judgment
and all proper relief.

Appellees filed a motion to make the complaint more
specific, and also demurred to the complaint for want of
facts, both of which the court overruled and appellee ex-
cepted, but as the appellee does not assign cross-errors no
question is presented on said rulings.

The appellee filed an answer of general denial, and upon
issue thus joined the cause was submitted to a jury for trial.
After the appellant had introduced his evidence and rested,
the appellee demurred to the evidence on the ground that
the same was not sufficient to sustain appellant's action, in
which appellant joined.

The court sustained the demurrer and rendered judgment
in favor of the appellee, to which ruling of the court the
appellant, at the proper time, excepted.

The sustaining of the demurrer to the evidence and ren-
dering judgment for the appellee are the only errors assigned.

The theory of the complaint is that while the appellant
was, with ordinary care and caution, attempting to cross the

track of said appellee, upon a public crossing, his buggy and horse were damaged on account of the careless and negligent management of appellee's engine while in the control and being operated by the engineer, an employee of said company.

It was agreed upon the trial that the defendant is the Terre Haute and Indianapolis Railroad Company, and that its track runs east and west through the city of Brazil, Indiana. The evidence shows that in the month of May, 1890, the appellant, while in his buggy driving a four-year-old horse that he had owned about ten days, drove along Depot street in the town of Brazil from the south to and across the track of appellee's railroad; that at said crossing there are two tracks, the main line and a switch; that he was perfectly familiar with said crossing, living but a short distance away, and often transacting business with said railroad company, causing him to be about its switch at said crossing; that he drove along said public street to the crossing mentioned, when he discovered two engines on said crossing, one going west and the other east; that he waited until said engines had cleared the crossing; that the engine going east was pushing some cars, and he supposed said engine going east would continue in that direction far enough to enable him to drive over said crossing in safety; that he drove over said crossing, reaching a point where the hind wheels of his buggy were about five or six feet north of the track, when said engine started to back in a western direction toward him; that said engine was about one hundred and fifty feet from him when it started back; that about the time said engine began backing, and after he had passed over the crossing to a point where the hind wheels of his buggy were five or six feet north of the track, a big heavy puff of smoke from the engine settled down in front of his horse and frightened it. The horse stopped, refused to go forward, and commenced to run back; that he could not get his horse to go, but it continued to back until the hind

wheels of the buggy were on the track in front of the tender attached to said engine; that said tender crushed down said wheels, causing his buggy and horse to be thrown around against the engine, where the buggy was caught by some part of the same and dragged along and upon the depot platform for about thirty feet, totally destroying his buggy and greatly damaging his horse.

Appellant further says that if it had not been for the cloud of smoke frightening his horse causing him to stop and back his buggy on the track in front of the tender the injury would not have occurred.

He says those in control " seemed to be coaling the engine and the big clouds of smoke seemed to settle down in front of his horse"; that he waved and hallooed to the engineer to stop after he saw he could not control his horse, and that it was backing his buggy on the track in front of the tender, but that the engineer did not seem to see or hear him; that he thinks neither the engineer nor fireman saw him or the danger his property was in until after the buggy had been crushed down by the tender, and his horse came around against the engine, when the engineer did reverse the engine.   The evidence shows that the engine was backing slowly, and in the usual way.

There was some other evidence given, but the substance of the entire evidence is as related above.   All of which clearly shows that but for the horse taking fright at the cloud of smoke and becoming unmanageable, the damage would not have been sustained.

So we must determine from the evidence whether or not the fright of the horse was caused by any careless or negligent act of said company, and if it was not then whether said damage, which occurred after the fright of the horse, was caused by the carelessness or negligence of said company.

The law is well settled that where a railroad track passes along a street, both the railroad trains and teams are entitled to the use of the street, and if horses are frightened by the

appearance of the train, or the ordinary noise of its passage, the company is not liable for damages. *Ohio, etc., R. W. Co.* v. *Trowbridge,* 126 Ind. 391–397; *Hahn* v. *Southern, etc., R. R. Co.,* 51 Cal. 605.

In the case last cited the court says: " If the cylinder cocks are opened and the steam is blown off, and this is necessary in the prudent management of the engine, and the horses are frightened thereby, the railroad company is not liable for the damages."

Railroad companies are not liable for frightening animals by their locomotives, cars or carriages while using them in the ordinary way, even though the fright causes the animals to kill themselves. *Peru, etc., R. R. Co.* v. *Hasket,* 10 Ind. 409; *Baltimore, etc., R. W. Co.* v. *Thomas,* 60 Ind. 107; *Ohio, etc., R. R. Co.* v. *Cole,* 41 Ind. 331; *Indianapolis, etc., R. W. Co.* v. *McBrown,* 46 Ind. 229; 1 Redfield Law of Railways, 495; 2 Woods Railway Law, 1332; Wharton Law of Negligence, section 898.

The evidence in the case at bar clearly shows that the discharge of the smoke which settled down in front of appellant's horse and frightened it was not caused to be so discharged from the engine on account of any carelessness or negligence of said company or its employees, but that it was the ordinary and natural result from placing coal on the fire in said engine, as was necessary in the operation and running of the same; that after said smoke had left said engine it was controlled by the air or atmosphere and caused to drift in the direction of appellant's horse.

In the case of *Lamb* v. *Old Colony R. R. Co.,* 140 Mass. 79, it was said that a traveller on a road running parallel with a railroad has no cause of action against the railroad company for injuries caused by his horse taking fright from smoke by coaling up an engine coming in an opposite direction.

It is clear in this case that the fright of the horse was not due to any negligence on the part of the company.

But the further question remains whether the damage complained of was caused on account of negligence on the part of said company in operating said engine after the fright of the horse.

The demurrer to the evidence admits all facts which the evidence tends to prove, or of which there is any evidence, however slight, and all inferences which can logically and reasonably be drawn from the evidence. *North British, etc., Ins. Co.* v. *Crutchfield,* 108 Ind. 518.

With this rule in view we must examine the evidence in this case, and determine whether the jury could have said, under the facts proved, that the damage was caused by the negligent management of the appellee's cars.

The appellant had passed over the crossing to a point on the north side of the track, where he was out of harm's way but for the fright of his horse ; that at the time his horse became frightened he was about five or six feet north of the crossing, and the engine was about one hundred and fifty feet east of the crossing, his horse commencing to back toward the crossing about the same time the engineer reversed his engine and caused the same to move along over the track slowly to the point where appellant was on said crossing, and where his buggy was crushed down, and his horse thrown around against the engine.

The appellant was in plain view of said engine during all the time it was moving to the point one hundred and fifty feet east of the crossing, and until it returned and his property was damaged as mentioned. He was making every effort in his power to control his horse and prevent it from backing his buggy on the track, and seeing that he could not manage it he stood up in his buggy and hallooed and waved to the engineer trying to attract his attention to his helpless condition that the engine might be stopped in time to prevent his property being damaged. But the evidence shows that the persons in charge of the engine did not see him until after his buggy had been crushed.

The evidence certainly tends very strongly to show that neither the engineer nor the fireman was on the lookout as they approached the crossing, and to further show that if they had been giving reasonable attention the engine could have been stopped in time to avoid the injury.

The evidence tends to establish the allegation in the complaint that the signal was not given by ringing the bell or sounding the whistle, but it is clear that if such signal was not given the failure to give it was not the cause of the injury. The mere failure to give the signal will not make the company liable, unless it is also shown that such failure was the cause of the injury. *Pennsylvania Co.* v. *Hensil,* 70 Ind. 569.

At a public crossing where the travelling public and a railroad company have equal rights, it is the duty of both to use all reasonable care and caution to avoid injury to persons or property, and if the crossing on account of its location or for any reason is peculiarly dangerous, extraordinary precations are required on the part of both the travelling public and the company. Care proportionate to the probable danger must be exercised. *Louisville, etc., R. W. Co.* v. *Stommel,* 126 Ind. 35.

The crossing where this injury was sustained was one where great care should have been exercised.

Persons managing a railroad train will not be required to stop the train whenever any one is seen on the track or near to it, for they have the right to presume that such person will not remain in a dangerous position, but while this is true, if the circumstances are such as to lead them to believe that on account of the peculiar or extraordinary situation the person or property will be damaged unless the train is stopped, then it is the duty of those in charge of such train to use reasonable diligence to avoid same. *Palmer* v. *Chicago, etc., R. R. Co.,* 112 Ind. 250.

We think it can not be said in this case that the jury might not have reasonably decided that the damage com-

plained of was caused by the negligent running of appellee's cars.

The case is reversed, and the cause is remanded with instructions to the court to overrule the demurrer to the evidence.

Filed Oct. 1, 1892.

### On Petition for a Rehearing.

New, J.—The appellee has filed a petition for a rehearing in this case,—and earnestly insists that the same be granted.

The principal reason urged is that the evidence fails to sustain the material allegations in the complaint.

This question was fully considered by the court in deciding the case, and we find no reason for changing our conclusions as heretofore stated.

The complaint and evidence were substantially set out in the principal opinion, and we need not do so here, except so much as may be necessary to pass upon this petition.

It is alleged in the complaint that the injury to appellant's property occurred while he was in his buggy, drawn by a good gentle horse, driving over and across said railroad crossing, and said railroad track and switch, at the time using due care and caution, etc.

It is also alleged that after the engineer reversed his engine it immediately started west, in the direction of the crossing, at a rapid rate of speed, etc.

The evidence shows that the appellant had crossed over said crossing to a point on the same, where the hind wheels of his buggy were about five or six feet north of the track, when his horse became frightened and commenced backing, etc. The evidence clearly supports the allegation that the injury occurred while appellant was crossing over said crossing, railroad track, etc. The space occupied by appellee's track is not the entire crossing, and the fact that his buggy had passed over the north rail, as shown by the evidence, was not a showing contrary to the complaint.

The fact that the evidence showed that after the engineer reversed his engine and started west, toward the crossing, he caused the same to move along over the track, slowly, to the point where the injury occurred, is not a failure to support the allegation in the complaint that the engineer reversed his engine and started west in the direction of the crossing at a rapid rate of speed. It is not alleged that the engine passed over the track at a rapid rate of speed, but that it started at a rapid rate. What one person might consider and call a rapid rate another might consider moving slowly. It would certainly be drawing the line entirely too close to say the evidence did not sustain the theory of the complaint.

Counsel for appellee cite a number of authorities, which lay down the rule, that the theory of the complaint must be sustained by the evidence, and that the complaining party must be bound by the theory upon which his complaint rests. With these authorities we agree, but we think the evidence in this case clearly sustains the theory of the complaint.

The petition for a rehearing is overruled.

