INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY

v.

JOSEPH SCHERTZ.

1.  RAILROADS—FAILURE TO KEEP FENCE IN REPAIR—WHEN LIABLE. —The statute does not make a railroad company liable for all injuries to stock, occasioned directly or indirectly by a failure to fence or keep its fences in repair.   The liability is limited to such damages only as may be done by the agents, engines or cars of the company.

2.  FRIGHT TO HORSES BY ESCAPING STEAM, ETC.—COMPANY NOT LIABLE IF AGENTS ARE FREE FROM NEGLIGENCE IN THEIR USE.—Appellant's fence, crossing the lands of appellee, was out of repair.   Notice of its defective condition had been given to appellant's servants.   While so out of repair, appellee's horse strayed from the field and came upon the track. The engineer slowed the train, whistled and rang the bell.   The horse became frightened at the noise and ran ahead of the train, jumped three cattle-guards, and finally ran into a wire fence.   He was injured either in a cattle-guard or by coming in contact with the wire fence.   *Held*, that the damage appellee sustained was not occasioned by the agents, engines or cars of appellant.   A railroad company is not liable for accidents arising from fright to horses occasioned by escaping steam, signals, etc., if its agents are free from negligence in their use.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding.   Opinion filed February 7, 1883.

Messrs. ROWELL & HAMILTON, for appellant; cited Hurd's R. S. 1881, p. 846; C. & A. R. R. Co. v. Utley, 38 Ill. 410.

Mr. W. E. GAPEN, for appellee; cited Sess. Laws of Ill.

1879, p. 224; C. & A. R. R. Co. v. Utley, 38 Ill. 410; .Galena & C. U. R. R. Co. v. Crawford, 25 Ill. 529.

HIGBEE, J. Appellant's road has been open for use and operated for more than six months, and fenced where it crossed the lands of appellee, but the fences were allowed to get out of repair and so remain for a long time after notice to the servants of appellant of its defective condition; and while so out of repair on the night of the 25th day of March, 1882, the horse of appellee strayed from his field adjoining the said road through said defective fence and went upon the track of appellant's road, where he was discovered by the engine driver of an approaching train who immediately sounded the whistle to frighten him from the track and slowed the train to give him time to escape. Without any fault of the servants of appellant in charge of the train the horse became greatly frightened and ran ahead of the train on the track nearly three fourths of a mile, jumping three cattle-guards and crossing a public highway, when he left the track and ran east into a barbed wire fence belonging to the owner of an adjoining field, and received the injuries complained of either by crossing the cattle-guards or by coming in contact with the fence, or by both.

It is contended by the attorneys of the company that it is not liable for this injury under the statute requiring railroad corporations to fence their roads and keep such fences in repair. After requiring the roads to fence, the first section also provides that "when such fences * * * are not made as required, or when such fences * * * are not kept in good repair, such railroad corporations shall be held liable for all damages which may be done by the agents, engines or cars of such corporation to such cattle, horses, sheep, hogs or other stock thereon."

This statute does not make the company liable for all injuries to stock, occasioned either directly or indirectly, by a failure to fence or to keep the fences in repair; on the contrary it in terms limits the liability to such damages only as may be done by the *agents, engines* or *cars* of the company.

The company was authorized by its charter to use steam as the propelling power of its engines; the smoke and noise of escaping steam as well as the noise of the cars, and usual signals of whistles and bells are all absolutely necessary in the operation of its trains, and the company can not be held liable for accidents arising from fright to horses occasioned by these causes if its agents are free from negligence in their use.

The horse took fright without the fault of the agents of the company and in his flight was injured either in a cattle-guard or by coming in contact with the wire fence, and the damage he sustained was not occasioned by the agents, engines or cars of appellant and it is not liable therefor, either under the statute or at common law.

This construction of the statute is fully sustained by the following authorities: P. & C. R. R. Co. v. Haskett, 10 Ind. 409; O. & M. R. R. Co. v. Cole, 41 Ind. 331; P. & C. R. R. Co. v. Thomas, 60 Ind. 108; J. M. & I. R. R. Co. v. Dawry, 61 Ind. 287; Lafferty v. H. & St. Jo. R. R. Co. 44 Mo. 291; Redfield on Railways, 493; C. & N. W. R. R. Co. v. Taylor, 8 Bradwell, 108.

Judgment reversed.

                                                    Reversed.


DAVIS, P. J., dissenting.