## LOUISVILLE & NASHVILLE R. R. CO.

### v.

### JOHN T. UPTON.

1. NEGLIGENCE AT COMMON LAW.—A railroad company built a barbed wire fence a quarter of a mile in length on each side of its right of way. There were no cattle guards or other structures at either end of the wire fence to prevent animals from entering upon the track or right of way. Appellee's horse entered on the right of way between the ends of this fence and while there the whistle on a passing freight was blown several times. The horse became frightened and jumped on the fence and was thereby injured. Appellee brings an action for damages against the railroad company, basing his right to recover on the company's negligence in the erection and maintaining the fence built in the manner and of the material mentioned, and in blowing the whistle so continuously. *Held*, that the judgment for appellee was proper under the circumstances of this case.

2. INSTRUCTIONS.—An instruction that " the defendant is not liable for injury to plaintiff's animal unless it appears from the evidence that the employes in charge of defendant's engine, *willfully and maliciously* blew the whistle on said engine with the intention of frightening plaintiff's animal and not for the purpose of getting the animal to leave the track and get out of the way of approaching trains." *Held*, erroneous.

3. NEGLIGENCE IN GIVING SIGNALS.—The right to operate a railroad includes the right to make the noises incident to the movement and working of its engines and to give the usual and proper signals of danger, as sounding of whistles and ringing of bells, but its agents must be free from negligence in their use.

Appeal from the Circuit Court of Hamilton county; the Hon. C. C. Boggs, Judge, presiding. Opinion filed April 15, 1886.

Mr. J. M. Hamill, for appellant; cited Ind. B. & West. Ry. Co. v. Schertz, 12 Bradwell, 304; C. & N. W. Ry. Co. v. Taylor, 69 Ill., 461; C. B. & Q. R. R. Co. v. Dunn, 61 Ill. 385.

The right to operate a railroad includes the right to make the noises incident to the movement and working of its engines and to give the usual and proper signals of danger, as in the sounding of whistles and the ringing of bells. A railroad company is therefore not liable, while exercising its rights in a lawful and reasonable manner, for injuries occasioned to horses which take fright at such noises: Coy v. Utica & S. R. R. Co., 23 Barbour, 643; Flint v. Norwich & W. R. R. Co., 110 Mass. 222; Norton v. Eastern R. R. Co., 113 Mass. 336; Favor v. Boston & L. R. R. Co. 114 Mass. 350; Burton v. P. W. & B. R. R. Co., 4 Harrington (Delaware R.), 252; Whitney v. Maine Central R. R. Co., 69 Maine, 208; Hudson v. L. & N. R. R. Co., 14 Bush (Ky. R.), 303; P. W. & B. R. R. Co. v. Stinger, 78 Pa. State, 219; Hall v. Brown, 54 N. H. 495; Macomber v. Nichols, 34 Mich 212; Shearman & Redfield on Negligence, § 486.

Messrs. Wilson & Leslie, for appellee; cited 1 Redfield on the Law of Railways, 5th Ed., 501, § 32; Pittsburg R. R. Co. v. Karns, 13 Ill. 87; I. C. R. R. Co. v. Harmon, 47 Ill. 298; I. C. R. R. Co. v. Middlesworth, 46 Ill. 494; Great West. R. R. Co. v. Geddis, 33 Ill. 304; Indianapolis R. R. Co. v. Blackman, 63 Ill. 117; Howenstine v. Pacific R. R. Co., 55 Mo. 33; Memphis R. R. Co. v. Bibb, 37 Ala. 699; Cumberland V. R. R. Co. v. Hughes, 11 Penn. (St.) 141.

If the noise made by the whistle was more than was necessary and contributed to the injury, the appellant became liable for all the consequences: Shearman & Redfield on Negligence, § 486; M., etc., R. R. Co. v. Fullerton, 14 C. B. (N. S.), 54; Hill v. Portland R. R. Co., 55 Me. 438; Penn. R. R. Co. v. Barnett, 59 Penn. (St.) 259; Culp v. A. & N. R. R. Co., 17 Kan. 475.

GREEN, J. This suit was commenced by appellee before a justice of the peace against appellant to recover damages for injuries to the animal of plaintiff, and judgment for plaintiff having been rendered, appellant appealed to the Circuit Court of Hamilton county where a trial was had by the court, without a jury, and the court found for the appellee and assessed his damages at $40, whereupon appellant entered a motion to set aside the finding and for a new trial, which motion the court overruled and rendered judgment against appellant on the finding, to reverse which judgment this appeal was taken. The evidence shows that appellant built a piece of wire fence about one fourth of a mile in length on each side of its' right of way along the track of its road. At the east end of this fence a public highway crossed the right of way and railway track, and the west end was open to the common. There were no cattle guards or other structures at either end of this wire fence to prevent animals from entering upon the track or right of way, and in this condition the fence and openings had remained for a month. When the mare of appellee entered on the right of way between the ends of this fence, and while there a freight train of appellant came along, the whistle on it was blown several times, and the mare becoming frightened rushed upon this wire fence, was thereby injured, and her value lessened to an extent that damaged appellee fully the amount of the judgment below.

Inasmuch as the mare was not struck by the engine or train and it does not appear that it got upon the track at a place where defendant was required by the statute to erect and maintain fence and failed to do so, the defendant is not liable under the statute, thus leaving only the question whether, under the evidence, the defendant is liable for negligence at common law. This being the case, the court properly refused to hold defendant's first proposition to be the law. It was as follows: " The defendant asks the court to hold the law to be, in this case the defendant is not liable for injury to plaintiff's animal unless it appears from the evidence that the employes in charge of defendant's engine wilfully and maliciously blew the whistle on said engine with the intention of frightening

plaintiff's animal and not for the purpose of getting the animal to leave the track and get out of the way of the approaching train." This proposition included " willfully and maliciously," and in effect was, that unless the blowing of the whistle was a willful and malicious act, however negligent, and committed by the servant of appellant, yet appellant would not be liable for injury resulting from such act. Such a rule does not apply in this case. This was a suit brought in justice's court and plaintiff was not confined to the proof of specific averments, as in cases where written pleadings are required. Hence plaintiff was not required to rely upon the proof of negligence under the statute to maintain his cause of action, nor was he limited to such proof ; but if the court below could fairly find from all the evidence that defendant was guilty of such negligence as rendered it legally liable at common law for the injury complained of, and the damages to plaintiff thereby occasioned, then its finding and the judgment thereon is right. Appellee claims the erection of and maintaining the wire fence, open at the ends and built with material of a dangerous character, and the negligent blowing of a steam whistle on the engine of appellant to be acts of negligence creating such liability. From the evidence it appears that these two pieces of wire fence were not a portion of a continuous fence inclosing appellant's track and right of way but were built on each side of such right of way and thereby a space about one hundred feet wide and one fourth of a mile in length was inclosed on the sides and open at the ends, into which animals from the adjoining common might readily enter upon the right of way and railway track of appellant. The mare of appellee did enter this space and while in there, one uncontradicted witness testifies, the train of appellant also entered, and the steam whistle was blown and continued to be blown after the mare had left the track, and while the train was passing her and even after she had struck this barbed wire fence, thus probably increasing her struggles to push through it, resulting in serious injury. It is quite apparent had this wire fence not been erected as it was, the animal would have effected her escape without injury, however great her fright occa-

sioned by the noise of the steam whistle, and probably she would have remained on the right of way and not have rushed upon the barbed wire fence and attempted to force her way through it had the whistle not been so negligently, unnecessarily and continuously sounded. Counsel for the appellant suggests that the whistle was so blown to drive other stock besides this mare off the track, but the same witness testifies he was looking out as the train passed along and he saw no other stock there, and those in charge of the train not having been called to testify to contradict said witness the theory suggested is unsupported.

It is further suggested that "the right to operate a railroad includes the right to make the noises incident to the movement and working of its engines, and to give the usual and proper signals of danger, as sounding of whistles and ringing of bells." This is so, with the qualification, "if its agents are free from negligence in their use." I., B. & W. R. R. Co. v. Schertz, 12 Brad. 305. And such negligence in this case may be fairly inferred from the evidence, and it needs no authority to show that it was the duty of appellant, when it undertook to and did build this wire fence on each side of its right of way, to do so in a manner likely to carry out and effectuate the purpose the law intends, which is to keep animals out of the right of way and out of the danger from passing trains. Openings through which animals might and probably would enter should not have been left as they were, without cattle guard or other structure to prevent such entry. Upon the whole record we can not say the court below erred in finding the defendant guilty of such negligence at common law as rendered it liable to the plaintiff for the injury complained of and the damages resulting therefrom. We do not, however, desire to be understood to hold that a fence of barbed wire is an unlawful fence, or that the erection of such a fence by a railroad corporation to inclose the right of way within which its railroad is operated, is an unlawful or negligent act of itself. We perceive no error in the ruling or decision of the circuit court requiring the reversal of the judgment appealed from, and the same is affirmed.                    Judgment affirmed.