## Galesburg Electric Motor and Power Co. v. Dollie Manville.

1. NEGLIGENCE—*Ringing a Gong.*—Negligence is not to be imputed to a motorman for ringing a gong when he sees a carriage with the back curtain down ahead of his car; it is his duty under such circumstances to ring the gong to notify the occupants of his approach; but if the horse attached to the carriage is frightened and danger apparent, it is his duty to cease sounding the gong and stop his car.

2. SAME—*Frightened Horses.*—The mere fact that a horse becomes frightened at an electric car and the sounding of its gong and runs away, does not make the company liable; there must be some misconduct on the part of the servant having control of the car.

Trespass on the Case.—Personal injuries. Appeal from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

F. F. COOKE, attorney for appellant.

A. M. BROWN, J. E. MALEY, and MARSH & ROBINSON, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee was very seriously injured in the runaway of a horse drawing a phaeton in which she and two other ladies were riding.

Claiming that the runaway was due to the negligent manner in which the motorman on one of appellant's street cars managed his car, whereby the horse became frightened, she brought this suit and recovered a judgment for $1,125.

The chief grounds on which appellant urges a reversal is that the verdict is against the evidence. It is the only one we shall discuss in this opinion.

The record shows that Broad street runs north and south, and is thirty-six feet wide between the curbs. Appellant's car track occupies five feet in the center, leaving a carriage drive of fifteen feet on either side.

From Grove street, which crosses Broad at right angles, to North street, which also crosses it at right angles 800 feet further south, there is a slight down grade.

Just before the accident the ladies drove from Grove street into Broad, when they saw a car approaching, at some distance, from the north. They turned south and drove in front of the car upon the west side. After they had passed the middle of the block the horse became alarmed at the noise of the car and the sounding of the gong and began increasing his speed. Appellee's sister, who was driving, either lost control of the horse when they reached North street, or attempted to turn to the right, but the horse was going at such a rate of speed that the momentum carried them upon the curb at the south side of North street. The phaeton was partly tipped and the driver partly thrown out. She recovered her seat, however, but lost one of the lines. One of the occupants seized the remaining line (the right one) and pulled the horse across North street into a yard, where the phaeton became cramped over and the ladies were thrown out, appellee sustaining the injuries complained of.

It is contended by appellee that the motorman, having full notice of the nervous and frightened condition of the horse, drove his car abreast of the phaeton and rang the gong so violently as to cause the horse to sheer to the right at North street and get beyond control of the driver. Upon the part of appellant, it is contended that the driver, in order to avoid the car passing them, urged the horse forward and increased his speed, so that when she undertook to turn west at North street, the momentum was such as to carry the horse and phaeton upon the south curb, where she lost one line and the control of the horse.

A decided preponderance of the testimony supports the contention of appellant. We are clearly of the opinion that the car was at no time abreast of the phaeton and that the cause of the running of the horses and phaeton upon the curb was the effort to get to North street and turn down it before the car reached that point.

So far as the ringing of the gong was concerned, it was the duty of the motorman to ring the gong when he saw the phaeton with the back curtain down ahead of his car. It was his duty to so notify its occupants that they might make no effort to cross the track and that they might assume proper control of the horse. It was his duty to ring as a warning to others wanting to cross at North street. Of course, if he discovered that the horse was already frightened and danger was apparent, to continue to sound the gong would be such willful conduct as to make the electric car line company liable. Under such circumstances, it is the duty of a motorman to cease sounding the gong and stop his car.

Appellant's car had the right of the street as well as the horse and phaeton. The mere fact that a horse becomes frightened at an electric car and the sounding of its gong, and runs away, does not make the car company liable. There must be some misconduct on the part of the company's servant having control of the car. In this case, a clear preponderance of the evidence shows that there was no misconduct on the part of appellant's motorman, and the jury were wrong in so finding.

There was no error of the court in ruling upon evidence or in passing upon instructions. Reversed and remanded.