## Frederick Wachtel, Adm'r, v. The East St. Louis & St. L. Electric Ry. Co.

1. INSTRUCTIONS—*As to Questions of Law.*—It is error in a civil case to submit a question of law to a jury; and to instruct them to determine whether an act was done in lawful manner, is in effect to submit to them a question of law.

2. RAILROAD COMPANIES—*Frightening Horses—Negligence.*—A railroad company is not liable for accidents arising from fright to horses by escaping steam or blowing the whistle in the usual operation of its road, if its agents are free from negligence.

Trespass on the Case.—Death from negligent act. Trial in the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Verdict and judgment for defendant. Error by plaintiff. Heard in this court at the August term, 1897. Reversed and remanded. Opinion filed March 1, 1898.

B. H. CANBY and W. J. N. MOYERS, attorneys for plaintiff in error; JOHN W. NOBLE & SHIELDS, of counsel.

466        APPELLATE COURTS OF ILLINOIS.

VOL. 77.] Wachtel v. East St. Louis & St. L. Electric Ry. Co.

MESSICK & RHOADS, attorneys for defendant in error.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Charles Burgdorf, plaintiff's intestate, was riding in a buggy driven by another person, along a descending approach to the eastern end of the St. Louis bridge.  While so riding, the buggy was struck by a runaway team, following down the approach, whereby Burgdorf was thrown out, receiving injuries that caused his death.  Defendant in error was operating an electric railway, whose track was parallel and close to the wagon track, upon which the team was moving.  The declaration alleges in substance that when said team had turned onto said eastern approach, and commenced to descend, one of the cars of defendant was being driven along the track of defendant, in the rear of said team, and as said car approached the team, and when close to it, the motorman negligently commenced sounding the gong on the car, which, together with the noise and sight of the car, frightened the team, and that said motorman negligently continued to move said car and sound said gong, and that said team was thereby caused to become unmanageable, and to run down the said approach and into the buggy in which Charles Burgdorf was riding, with all due care and caution, overturning the buggy, throwing him out, and thereby causing his death.

Defendant in error pleaded the general issue.

This case has been tried twice.  At the first trial, the jury found for plaintiff in error.  Upon appeal the judgment was reversed for error in instructions.  E. St. L. & St. L. Electric St. Ry. Co. v. Wachtel, 63 Ill. App. 181.

When the evidence is conflicting, as in this case, the instructions should be clear and accurate.

No instructions were asked by plaintiff.  Five were given for defendant.  To the giving of each, exception was taken and error assigned.  The first is as follows:

" The jury is instructed that in determining whether the motorman or other servant of the defendant negligently or

carelessly drove the car or sounded the gong, the jury is to consider all the attending facts and circumstances, but are in no wise at liberty to presume negligence, at the time, of the defendant or its servants. The fact of negligence required affirmative proof; and the burden of showing that negligence, and that it primarily and necessarily produced the injury in question, rests with the plaintiff; and unless he so sustains this burden by a preponderance of the evidence he can not recover, and the jury will find for the defendant."

This instruction is criticised upon two grounds : First, that it tells the jury that they have no right to presume negligence from the facts and circumstances proven; second, that telling them that negligence must be proven by affirmative proof is in effect telling them that it can not be inferred from facts and circumstances in proof. The instruction, as claimed by counsel, does not tell the jury that they can not presume negligence, meaning without proof, and this is the law. If this is so, it follows that negligence requires affirmative proof, and affirmative proof is made when facts and circumstances are proved from which negligence can be inferred. There is nothing in the instruction tending to mislead a juror upon this. point. The second instruction is criticised upon the ground that it leaves to the jury to decide whether the defendant operated its road at the time and place " in a lawful manner."

It is error in a civil case to submit a question of law to a jury, and to instruct them to determine whether an act was done in a lawful manner, is in effect to submit to them a question of law. This instruction, however, when considered as a whole, explains to the jury the meaning of this phrase, as there used. The words " in lawful manner" were superfluous, and while they should not have been inserted, their use, considering their connection, is not reversible error.

Fourth instruction : " The jury is instructed that defendant's motorman had the right and it was his duty if he saw a team ahead of him on the approach, although not on the railway track, but right alongside of it, to keep his car

moving, whatever sound might attend its operation, and to sound the gong and give notice to the person in charge of such team that the car was approaching, and that such action on the part of the motorman is not and can not by the jury be taken to be negligence, or want of ordinary care, and that a motorman under such circumstances had the right to assume that the sounding of the gong would not frighten a team ahead of him, and even if the movement of the car or the sounding of the gong did frighten a team and the motorman saw it, but the team was not evidently, and while the motorman could see it as his car moved along, so frightened as to be beyond the control of the driver, the motorman had still a right to proceed on his way with his car, and his doing so would not be negligence, nor could it be attributed to the want of ordinary care."

The jury are told by his instruction that it is the "duty of the motorman to keep his car moving whatever sound might attend that operation, and to sound the gong and give notice to the person in charge of the team that the car was approaching, and that such action by the motorman is not and can not by the jury be taken to be negligence or want of ordinary care." This invades the province of the jury, whose duty it is to say, under all the conditions, what is or is not negligence. The team on a traveled road, alongside the car tracks, is as rightfully on the road as the car is upon its tracks. The driver of a team may have knowledge that a car follows, and therefore need no notice. His horses may be frightened by its approach. They may be rapidly becoming unmanageable. The motorman may know all this, may know that no notice is necessary, and may believe that his continued approach and sounding the gong will cause the team to run away, with all the danger that attends a runaway in a city street. To say that under these circumstances it is his "duty to keep his car moving, whatever sound might attend that operation, and to sound the gong," and that "this is not and can not be taken as negligence or want of ordinary care," is a statement we can not indorse. It is not the law. Ellis v. L. &

B. Ry. Co., 160 Mass. 341; Belk v. The People,.125 Ill. 589; Galesburg Electric M. P. Co. v. Manville, 61 Ill. App. 490.

A railroad company is not liable for accidents arising from fright to horses by escaping steam or blowing the whistle, in the usual operation of its road, if its agents are free from negligence, and what is negligence must be determined from the facts and circumstances in each case. I. B. & W. R. R. v. Schertz, 12 Ill. App. 304; L. & N. R. R. v. Upton, 18 Ill. App. 605; Shearman & Redfield on Negligence, Sec. 486.

The rule applies with all its force to street car companies when co-users with the public of public highways.

The latter part of this fourth instruction is also clearly erroneous. The jury by it are told that the motorman had a right to assume that the sounding of a gong would not frighten a team ahead of him, and if it did frighten the team and he saw it, and it was not evidently so frightened as to be or about to be unmanageable, that he still had the right to proceed on his way with the car, and his doing so would not be negligence, nor could it be attributed to the want of ordinary care.

This again directly invades the province of the jury. In doing so it conflicts with decisions of both the Supreme and the Appellate Courts. We cite only I. C. R. R. Co. v. Slater, 139 Ill. 199; L., N. A. & Co. Ry. Co. v. Patchen, 167 Ill. 204; East St. L. Elec. R. Co. v. Wachtel, 63 Ill. App. 386.

For error in this instruction the judgment is reversed and the case remanded.