### Joliet Railroad Co. v. Michael Eich.

1. Street Railway Companies—*Same Right to Use Streets as Teams.*—A street railway company has the same right with its cars in a street, that an individual with a team has, and is only bound to use ordinary care with reference to the latter's safety. Such company is not responsible for injuries resulting from a team being frightened at the sight of its cars, unless it fails to use reasonable care to avoid the injury.

2. Same—*To Some Extent the Right is Superior to that of Teams.*— The right of a street car company in respect to its cars is to some extent superior to the right of a driver of a team. Its cars are confined to a fixed track, and consequently the drivers of teams must turn out to let them pass.

3. Same—*Duty of the Motorman.*—It is the duty of a motorman in charge of an electric car to be watchful of the track in front of his car while it is in motion and to exercise reasonable care to avoid collisions.

Trespass on the Case, for injuries to personal property. Appeal from the Circuit Court of Will County; the Hon. Robert W. Hilscher, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

E. MEERS, attorney for appellant.

JOHN W. D'ARCY, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This is a suit to recover damages for the killing of a horse, and injuries to a cart. The accident happened on a stone bridge crossing the Des Plaines river in the city of Joliet. The horse driven by appellee became frightened and unmanageable, and while in such condition was struck by a car belonging to appellant and killed.

Appellant urges that a street railway company has the same right with its cars in a street that an individual with a team has, and is only bound to use ordinary care with reference to the latter's safety; that a street car company is not responsible for injuries resulting from a team being frightened at the sight of cars, unless the company fails to use reasonable care to avoid the injury, and cites in support thereof Kankakee Electric Ry. Co. v. Lade, 56 Ill. App. 455, and Galesburg E. M. & P. Co. v. Manville, 61 Ill. App. 490.

The contention of appellant in this regard is well taken, and it may be added thereto that the right of a street car company in respect to its cars is to some extent superior to the right of the driver of a team. The car is confined to a fixed track, and consequently the drivers of teams must turn out to let the cars pass.

The question in this case is whether the motorman in charge of appellant's car, was as observant as he ought to have been—whether he might not, had he been watchful, have seen that appellee's team was frightened and unmanageable, in time to have checked the speed of his car and so have avoided the collision? As it is, it appears that the motorman did not notice appellee's team until the car was at most not more than ninety feet away, and that then he either could not stop his car or did not make use of every means in his power in time to avoid a collision. The motorman, had he been watchful, as he should have been, would have perceived appellee's team when it was at least one, if

not two blocks away.   The evidence discloses a want of reasonable care on the part of appellant to avoid the collision.

Appellant has no good reason for complaint as to the instructions.   In six different instructions the jury were told the plaintiff could not recover if he was guilty of negligence which contributed to the accident, or failed to use ordinary and reasonable care to avoid the collision.   The jury were also told, in the third instruction given at the instance of the defendant, that the burden was on the plaintiff to prove the material allegations of his declaration by a preponderance of the evidence.

The damages awarded, $275, are not excessive, and the judgment of the Circuit Court is affirmed.