## Samuel A. Stump v. Chicago & G. W. Ry. Co.

1. RAILROADS—*Liability for Killing Domestic Animals.*—For a failure to maintain a fence no liability attaches to a railroad company for killing domestic animals upon its tracks unless such killing is by contact with its cars or engines.

Trespass, for killing domestic animals. Trial in the Circuit Court of Jo Daviess County, on appeal from a justice of the peace; the Hon.

Stump v. C. & G. W. Ry. Co.

JAMES SHAW, Judge, presiding. Verdict and judgment for defendant by direction of the court. Appeal by plaintiff. Heard in this court at the May term, 1899. Reversed. Opinion filed July 20, 1899.

W. SPENSLEY, attorney for appellant, contended that it is negligence on the part of a railroad company to permit a defective fence to exist along the line of its road, in the language of the case of I. B. & W. Ry. Co. v. Schertz, 12 Ill. App. 304, 107 Ill. 577, and that it was willful misconduct on the part of the servants of the company to wantonly kill the animals when in fifteen minutes they could have notified the owner of their condition.

D. & T. J. and J. M. SHEEAN, attorneys for appellee.
. For the failure to maintain its fence, no liability can attach to appellee, because the animals were not killed by contact with the agents, engines or cars of appellee. C. & N. W. Ry. Co. v. Taylor, 8 Ill. App. 108; I. B. & W. Ry. Co. v. Schertz, 12 Ill. App. 304, 107 Ill. 577; Cannon v. L. E. & St. L. R. R. Co., 34 Ill. App. 644; P. & I. R. R. Co. v. Hasket, 10 Ind. 409; O. & M. R. R. Co. v. Cole, 41 Ind. 331; B. P. & C. R. R. Co. v. Thomas, 60 Ind. 108; J. M. & I. R. R. Co. v. Downey, 61 Ind. 287; Lafferty v. H. & St. J. R. R. Co., 44 Mo. 291.
Recovery under the statute not being permitted, appellant has the burden upon him of showing such want of care on the part of appellee as would constitute negligence at common law; and of common law negligence there is not a scintilla of evidence in the record. T. H., A. & St. L. R. R. Co. v. Augustus, 21 Ill. 186; C. & N. W. Ry. Co. v. Taylor, 8 Ill. App. 113; L. & N. R. R. Co. v. Upton, 18 Ill. App. 608; R., R. I. & St. L. R. R. Co. v. Phillips, 66 Ill. 548.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

Appellant sued appellee before a justice of the peace to recover damages for the loss of a mare and a mule killed in consequence of getting into a trestle bridge on the line of appellee's railway, and being there so injured that they had to be killed.

On a trial in the Circuit Court the jury were instructed to find for appellee, which being done, judgment was entered on the verdict, and the plaintiff prosecutes this appeal.

It appears from the evidence that several horses of appellant, including the mare and mule in question, had in some way gotten upon appellee's right of way and railroad track; appellant's contention being that it was consequent upon the negligence of appellee's servants in failing to close a gate or opening in the right of way fence adjoining appellant's premises. East of the trestle bridge referred to is a railroad tunnel through which the horses passed before getting into the bridge. At about three o'clock in the morning of January 27, 1898, a west-bound passenger train on appellee's railroad was flagged and brought to a stop by the tunnel watchman on appellant's land, and the trainmen were informed that there were horses upon the bridge about half a mile west of the tunnel. Appellee's general superintendent of bridges, being on the train, aroused the section men and went with them on a hand-car through the tunnel, to the bridge, where they found three horses and a mule, entangled in the ties. They at once proceeded to get plank and lay upon the bridge for the purpose of getting the horses off, and succeeded in getting two of them out without injury. While they were engaged in this work the mare, in her struggles to get free, jumped and fell off the bridge, a distance of sixty-four feet, to the ground, where she was found with her back broken, and by order of the superintendent one of the men went down and killed her to end her misery. The mule was found with his right hind leg broken above the hock joint, the broken and splintered bone protruding several inches through the hide. Under these circumstances it was killed by direction of appellee's superintendent. The question for determination is, whether upon the facts above set forth, there is any right of recovery, there having been no contact of appellee's railroad train with the injured stock. This can not be considered an open question in this State. C. & N. W. Ry. Co. v. Taylor, 8 Ill. App. 108; I. B. & W. Ry. Co. v. Schertz,

12 Ib. 304; Schertz v. I. B. & W. Ry. Co., 107 Ill. 577. These cases are conclusive against appellant's right to recover. Counsel for appellant frankly admits that these authorities, if the decisions announced therein are to be followed, are against appellant, but attempts by argument to show they are not based upon sound principles and should not be held as law in this case. We are not permitted to disregard a plain decision of the Supreme Court. The reasoning of those cases need not be here repeated, and under them, no actionable negligence having been shown against appellee, the direction to the jury to find in its favor was right. The killing of the animals under the circumstances was a mere act of mercy. We are of the opinion the evidence showed no actionable negligence on the part of appellee, and the judgment must therefore be affirmed.